# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2002

## STATE OF TENNESSEE v. BARBI MICHELLE BROWN

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40100306     John H. Gasaway, III, Judge**

---

### No. M2002-01497-CCA-R3-CD - Filed April 1, 2003

---

The defendant pled guilty to one count of especially aggravated robbery and one count of aggravated burglary. The trial court sentenced the defendant to twenty years incarceration pursuant to a negotiated plea agreement setting the maximum amount of time to be served at twenty years. The defendant contends her sentence is excessive and the trial court misapplied enhancement factors (4), (5), (6), and (10).[1] We agree the trial court misapplied two enhancement factors, but the record supports the imposition of a twenty-year sentence, which is the maximum allowed by her plea agreement and the "presumptive sentence" provided by statute. We affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); Michael R. Jones, District Public Defender, and Roger Nell, Assistant Public Defender (at trial and on appeal), for the appellant, Barbi Michelle Brown.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] The 2000 amendment added present enhancement factor (1) and redesignated former (1) through (22) as present (2) through (23), respectively.

**OPINION**

On June 4, 2001, a Montogomery County Grand Jury indicted the defendant, Barbi Brown, of conspiracy to commit especially aggravated robbery, especially aggravated robbery, aggravated burglary, theft of property, and attempted first degree murder. The defendant pled guilty to especially aggravated robbery and aggravated burglary, subject to a plea agreement which dismissed all other charges and capped her sentence at twenty years. After the sentencing hearing, the trial court sentenced the defendant to twenty years incarceration in the Tennessee Department of Correction for her especially aggravated robbery conviction and five years incarceration for her aggravated burglary conviction, to be served concurrently. The twenty-year sentence is the maximum allowed under the plea agreement and the "presumptive sentence" provided by statute. The defendant appeals claiming that her especially aggravated robbery sentence is excessive.

**Facts**

The record reflects that the defendant, Barbi Brown, along with Robert Downey and Marcus Tramane Green conspired to break into the home of the victim, Charlie Rye, the defendant's elderly uncle. The defendant told Downey that the victim kept money in his home and that he would be an "easy lick." After Downey solicited the help of Green to commit the robbery, the defendant drove Downey and Green to the victim's home on the night of April 12, 2001. Downey and Green entered the home of the victim, and Downey assaulted the victim with a heavy metal flashlight. Green took money from the victim's pants and Downey took a jar full of coins and a television. The defendant, Downey, and Green drove away and divided approximately three thousand dollars ($3000) equally among between themselves.

The morning after the crime, the victim's son found the victim in his home badly beaten, bruised, and unconscious. Due to sustaining severe injuries, the victim was transported to Vanderbilt Hospital in critical condition, where he received medical treatment for more than one month. The record reflects the victim was sixty-six years old at the time of the incident and weighed a little over one hundred pounds.

**Analysis**

The defendant argues that the trial court imposed an excessive sentence regarding her especially aggravated robbery conviction, but does not challenge the five-year sentence for her aggravated burglary conviction. At sentencing, the trial court made the following findings when determining the defendant's sentence:

> After weighing and considering all of the enhancement factors and the mitigating factors, since there are both types of factors, the Court is to start in the mid range of the Class A felony, which is 20 years, enhance - normally the Court would enhance and then reduce. The Court has to ask itself in this case whether or not after enhancing and reducing in the weighing process whether or not there would be any reason to reduce the crime - or to reduce the sentence below the 20 year ceiling that

was fixed by the agreement, and the answer is no. She is sentenced to 20 years confinement at TDOC for especially aggravated robbery.

This Court's review of the sentences imposed is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). A presumption in favor of the trial court is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with these principles, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). The defendant bears the burden of establishing that the sentence the trial court imposed was improper. State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Boggs, 932 S.W.2d 467, 473 (Tenn. Crim. App. 1996). The defendant contends that her sentence is excessive and claims that enhancement factors (4), (5), (6), and (10) should not have been applied to determine the length of her sentence. We agree the trial court misapplied one enhancement factor and review this appeal de novo without the presumption of correctness.

The defendant was convicted of especially aggravated robbery, a Class A felony. Tenn. Code Ann. § 39-13-403. Especially aggravated robbery occurs where a robbery, as defined in Tennessee Code Annotated section 39-13-403, is "accomplished with a deadly weapon; and where the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-403(a)(1) and (2). The defendant was sentenced as a Range I standard offender. The range of punishment for a Class A felony is "not less than fifteen (15) years nor more than twenty-five (25) years." Tenn. Code Ann. § 40-35-112(a)(1). The presumptive sentence is the midpoint of the range if no enhancing or mitigating factors are present. Tenn. Code Ann. § 40-35-210(c). If enhancing factors exist, the trial court must "enhance the sentence within the range as appropriate for the enhancement factors." Tenn. Code Ann. § 40-35-210(e).

If no enhancement or mitigating factors are to be considered for sentencing, the presumptive sentence for especially aggravated robbery, a Class A felony, shall be the midpoint within the applicable range. Tenn. Code Ann. § 40-35-210(c). The range of punishment for especially aggravated robbery is fifteen to twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1). Therefore, twenty years is the midpoint of the range for especially aggravated robbery. If enhancement or mitigating factors exist, a trial court should enhance the sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). As long as the trial court complies with the purposes and principles set forth by the sentencing act and this determination is supported by the record, the weight given to each factor is left to the discretion of the trial court. State v. Kelley, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000); see Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Comments. The weight afforded mitigating and enhancement factors is derived from balancing relative degrees of culpability within the entire circumstances of the case. State v. Boggs, 932 S.W.2d 475, 476.

The defendant argues that the trial court misapplied enhancement factor (4) in determining the length of her sentence. Tennessee Code Annotated section 40-35-114(4) allows for the enhancement of a sentence if "the victim of the offense was particularly vulnerable because of age or physical or mental disability . . . ." Enhancement factor (4) is inapplicable when a victim's vulnerability, because of age or physical or mental disability, is found irrelevant to the commission of the offense. State v. Poole, 945 S.W.2d 93, 97 (Tenn. 1997). The defendant argues that this factor was erroneously applied because there is no presumption of vulnerability attached to the victim due to his age and weight. The record reflects that the sixty- six-year-old victim weighed barely over one hundred pounds at the time of the crime and the defendant referred to the victim as an "easy lick." The record supports a finding that the defendant told her accomplices about the victim as an easy target because of his vulnerability. We conclude the trial court did not err in applying enhancement (4).

With respect to enhancement factor (5), Tennessee Code Annotated section 40-35-114(5), our supreme court has found that before this factor may be applied, the facts of the case must "support a finding of 'exceptional cruelty' that 'demonstrates a culpability distinct from and appreciable greater than that incident to' the crime." State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997). If a trial court should apply enhancement factor (5), it should state what actions of the defendant, apart from the elements of the offense, constituted exceptional cruelty. State v. Goodwin, 909 S.W.2d 35, 45 (Tenn. Crim. App. 1995). The trial court stated that enhancement factor (5) was applicable because the defendant allowed the victim to be treated with exceptional cruelty. Specifically, the trial court stated that the defendant did not stop, or at least abandon, the crime when she knew that her accomplice planned to use a flashlight to beat the victim. From the record, it appears as though the frail, elderly victim was beaten repeatedly, beyond what would have been necessary to take money from his person and property from his home. In Poole, our supreme court found enhancement factor (5) applicable, despite the fact the trial court made no findings to support its application. Poole, 945 S.W.2d at 99. In Poole, this Court concluded enhancement factor (5) was applicable by stating the following:

> This elderly woman was knocked unconscious by a blow to the head with a baseball bat. Even though the defendants knew that the victim lived alone, they left her lying unconscious and bleeding under such circumstances that it was unlikely that her condition would soon be discovered. In fact, the victim remained in such a condition all night and was discovered by family members the next day. Because of the delay in receiving medical treatment, the victim is extremely fortunate to have survived this attack.

Id. The incident described in Poole is almost identical to the facts in the instant case. For these reasons, we conclude the trial court properly applied enhancement factor (5).

The defendant argues that the trial court erred in finding that the personal injuries inflicted on the victim were particularly great. See Tenn. Code Ann. § 40-35-114(6). The State concedes that enhancement factor (6) may be inapplicable. We conclude that the trial court erroneously enhanced the defendant's sentence because the victim suffered serious bodily injury. An essential element of especially aggravated robbery is serious bodily injury. Tenn. Code Ann. § 39-13-403(a)(2). "Proof

of serious bodily injury will always constitute proof of particularly great injury." State v. Jones, 883 S.W.2d 597, 602 (Tenn 1997). Enhancement factor (6) is inapplicable because serious bodily injury is inherent in a conviction for especially aggravated robbery.

The defendant contends that the trial court misapplied enhancement factor (10) because this factor is an essential element to the offense of especially aggravated robbery. Tennessee Code Annotated section 40-35-114(10) is used to enhance a sentence if "the defendant had no hesitation about committing a crime when the risk to human life was high." The defendant pled guilty to especially aggravated robbery, which includes the use of a deadly weapon as an essential element of the offense. In this case, the defendant's accomplice used a heavy metal flashlight to inflict serious bodily injury upon the victim. When an offense is committed with a deadly weapon, it is inherent within the offense that there is a risk to human life and the potential for injury is great. State v. Hill, 885 S.W.2d 357, 363 (Tenn. Crim. App. 1994). Because this factor is inherent in the offense of especially aggravated robbery, we conclude the trial court misapplied enhancement factor (10).

The defendant concedes that enhancement factors (1) and (2) were properly applied. We agree that the record supports enhancement factor (1) because the defendant has a previous history of using illegal drugs. Tenn. Code Ann. § 40-35-114(1). We agree that the record supports the contention that the defendant was the leader in the commission of this offense involving her two accomplices. See Tenn. Code Ann. § 40-35-114(2). The trial court agreed to the application of two mitigating factors, (10) and (13). Using mitigating factor (10), the trial court found the defendant assisted authorities in locating her accomplices. The trial court supported the application of mitigating factor (13) by finding the defendant entered a guilty plea and avoided "the necessary time, effort and expense associated with a trial."

Upon de novo review, we conclude that the trial court properly applied enhancement factors (1), (2), (4), (5) and properly applied mitigating factors (10) and (13). However, we conclude the trial court erred in applying enhancement factors (6) and (10). Despite the misapplication of two enhancement factors, we conclude that the weight given to the remaining factors is sufficient to support a twenty-year sentence. By statute, the trial court was required to begin the defendant's sentence determination at the midpoint of the range of twenty years. However, pursuant to her plea agreement, twenty years was the maximum time she could receive. We conclude the trial court, absent an agreement to the contrary, was well within its discretion to enhance the defendant's sentence above twenty years. The agreement in this case established a ceiling which the trial court could not exceed, yet the enhancing factors embedded the sentence in the ceiling such that two mitigating factors could not dislodge.

## **Conclusion**

Accordingly, we affirm the sentence imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE